FELINCIA PHANG; Hendrick
Liauw, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 12–70988.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 1, 2013.

David M. Haghighi, Law Offices of David M. Haghighi, APC, Los Angeles, CA, for Petitioners.

Michael Christopher Heyse, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Felincia Phang and Hendrick Liauw, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that Phang failed to establish she suffered past persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir.2009) (incidents of mistreatment, including being stripped naked in front of classmates, beaten by rioters, and false arrest and detention, did not compel finding of past persecution). Substantial evidence also supports the agency's finding that, even under a disfavored group analysis, Phang failed to demonstrate sufficient individualized risk of harm to establish a well-founded fear of persecution in Indonesia. *See Halim*, 590 F.3d at 977–979; *cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004). We reject Phang's contention that the BIA applied the disfavored group analysis incorrectly. Accordingly, Phang's asylum claim fails.

Because Phang failed to meet the lower burden of proof for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.